# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# LEXINGTON

**CRIMINAL ACTION NO. 5:25-CR-8-KKC-MAS**

**UNITED STATES OF AMERICA**                **PLAINTIFF**

**V.**                **PLEA AGREEMENT**

**SHIAU NAN NG,**                **DEFENDANT**
  **aka JOHN**

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 1 of the Indictment, charging a violation of 18 U.S.C. § 1956(h), conspiracy to commit concealment money laundering. The Defendant also admits the Forfeiture Allegation. Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Count 2.

2. The essential elements of Count 1 are:

    (a) Two or more people conspired to commit the crime of money laundering; and

    (b) The Defendant knowingly and voluntarily joined the conspiracy.

3. As to Count 1, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits that these facts are true:

    (a) From approximately August 2019 through on or about February 5, 2020, the Defendant knowingly conspired and agreed with other persons to commit

1

concealment money laundering offenses, in violation of 18 U.S.C. § 1956. The Defendant primarily served as a courier of bulk U.S. currency in the conspiracy. The Defendant knew the scheme's unlawful purpose and voluntarily joined in it. Specifically, during the applicable period, the Defendant agreed with others to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce—that is, deliveries of bulk U.S. currency—that involved the proceeds of specified unlawful activity. The Defendant knew that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and he knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity.

      (b) On February 5, 2020, a Kentucky State Police interdiction team stopped the Defendant for traffic violations on I-75 northbound in Madison County, Kentucky, in the Eastern District of Kentucky. The Defendant was the driver and sole occupant of the vehicle. After a drug canine alerted to the vehicle, a search of the vehicle occurred, and officers located four boxes in the trunk. The Defendant stated that he was delivering them to a friend near Detroit. Officers opened the boxes and found a total of $510,960 in bulk U.S. currency contained inside. The Defendant was attempting to conduct a financial transaction (a money delivery) with this bulk cash, which was the proceeds of specified unlawful activity. The Defendant knew that this transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and he knew that the property involved represented the proceeds of some form of unlawful activity. Evidence located in the vehicle and on the Defendant's cell phone indicates his participation in a conspiracy involving use of "bill codes," or the use of serial numbers on U.S. currency, to liaise between money brokers and other couriers and to confirm the legitimacy of the courier to whom the delivery of the bulk cash was to be made. The Defendant stated that he received text messages from an individual identified as "Peter" to direct his courier activities.

      4. The statutory punishment for Count 1 is imprisonment for not more than 20 years; a fine of not more than $500,000, or twice the value of the property involved in the transaction(s), whichever is greater; and a term of supervised release of not more than 3 years. A mandatory special assessment of $100 applies, which the Defendant will pay to the U.S. District Court Clerk at the time of the entry of the plea.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. These recommendations do not bind the Court:

(a) United States Sentencing Guidelines (U.S.S.G.), November 1, 2024, Manual, will determine the Defendant's guidelines range.

(b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes the conduct described in ¶ 3 and all provided discovery materials.

(c) The United States agrees not to seek an enhancement under U.S.S.G. § 2S1.1(b)(1).

(d) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

(e) The parties have not reached agreement on any other guideline issue and otherwise fully reserve all arguments related to the guidelines' calculations.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant waives the right to appeal any determination made by the Court at sentencing with the sole exception that the Defendant may appeal any aspect of the sentence if the length of the term of imprisonment exceeds the advisory sentencing guidelines range as determined by the Court at sentencing. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

8. The Defendant consents to and acknowledges the administrative forfeiture to the United States of all right, title, and interest in $510,960.00 seized from the Defendant on or about February 5, 2020, as part of the criminal investigation. The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and criminal violations. The Defendant also consents to the imposition of a forfeiture money judgment pursuant to 18 U.S.C. § 982(a)(1) and 21 U.S.C. § 853(p). The parties have not agreed to the amount of the forfeiture money judgment, and if they are unable to reach an agreement as to the amount, it shall be determined by the Court at or before sentencing. The Defendant consents to the entry of a Preliminary Order of Forfeiture. The Defendant agrees not to file a claim or petition seeking remission or otherwise contesting the forfeiture of the seized currency identified herein in any administrative or judicial proceeding, or to assist any other person or entity with doing so, and agrees to withdraw, and hereby withdraws, any such claim or petition that he already has submitted. If the Defendant fails to pay in full the forfeiture money judgment, he consents to the forfeiture of any other property of his up to the amount of the forfeiture money judgment, pursuant to 21 U.S.C. § 853(p), and further agrees that the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met. The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and/or the timing of forfeiture orders. The Defendant understands and agrees that the forfeiture of the seized property has been completed administratively, that the seized property will not be pursued judicially as part of this action, and that he can assert no further right, title, or interest in the property. The Defendant also waives his right, if any, to a jury trial on forfeiture and all constitutional, legal, or equitable defenses to the

forfeiture. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

9. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete, sign, and return to the United States Attorney's Office a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. Upon request, the Defendant agrees to provide the United States Attorney's Office with records verifying his/her financial information or with any releases required to obtain such records, with such releases being valid for a period extending 90 days from the date of sentencing. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. Prior to sentencing, the Defendant agrees to notify the United States Attorney's Office and obtain its consent before transferring, encumbering, or disposing of any interest in property with a value exceeding $1,000.00 owned or controlled directly or indirectly, individually or jointly, by the Defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. The Defendant agrees to notify the United States Attorney's Office of any material changes in his/her

economic circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

10. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant waives any defense or objection to any action to enforce the collection of financial obligations to be imposed in connection with this prosecution, including, but not limited to, collection procedures authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., 18 U.S.C. § 3664, or 18 U.S.C. § 3613. The Defendant expressly authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's

financial obligations contained in the judgment of the Court. The Defendant authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

11. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

12. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

13. The Defendant and his attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

PAUL C. McCAFFREY
ACTING UNITED STATES ATTORNEY

Date: 7/29/25    By: _____
James T. Chapman
Assistant United States Attorney

Date: 07/28/2025    _____
Shiau Nan Ng (Jul 28, 2025 11:18:36 EDT)
Shiau Nan Ng
Defendant

Date: 07/28/2025    _____
Joseph Habachy (Jul 28, 2025 11:16:07 EDT)    Steven R Romines (Jul 29, 2025 09:04:45 EDT)
Joseph S. Habachy
Steven R. Romines
Attorneys for Defendant

7